UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WEST, } | | |
| ON BEHALF OF HERSELF AND } | | |
| ALL OTHERS SIMILIARLY SITUATED, } | | |
| } | | |
| Plaintiff, } | Civil Action, File No. | |
| v } | 1:17-cv-01876-PKC-SMG | |
| } | | |
| ENHANCED RECOVERY COMPANY, LLC } | | |
| D/B/A ERC, } | | |
| } | | |
| Defendant. } | | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Christopher West [hereinafter "West"] on behalf of himself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Enhanced Recovery Company, LLC ("Enhanced Recovery"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Enhanced Recovery's regular transaction of business within this district. Venue in this district also is proper based on Enhanced Recovery possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Enhanced Recovery also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. West is a natural person.

6. West is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about November 9, 2015, Enhanced Recovery sent West the letter annexed as Exhibit A. West received and read Exhibit A. For the reasons set forth below, West's receipt and reading of Exhibit A deprived West of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Enhanced Recovery sent Exhibit A to West in an attempt to collect a past due debt regarding a "Comenity Capital Bank Paypal Credit Account".

9. Via Exhibit A, the past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit account for his individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges. Enhanced Recovery, via Exhibit A, attempted to collect this past due debt from West in his individual capacity. Exhibit A does not indicate that credit account was in the name of a business or labeled as a business account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Enhanced Recovery is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs. Enhanced Recovery possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon Enhanced Recovery possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Enhanced Recovery is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, Enhanced Recovery identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, Enhanced Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Balance" of $6,081.57.

17. Any "Balance" resulted from an agreement entered into between West and Comenity Capital Bank.

18. Upon information and belief, the aforementioned agreement allows Comenity Capital Bank and any assignee or successor-in-interest to charge West interest, late charges, and/or other charges in addition to any "Balance". For example, Exhibit A contains the

following statement:

"We may be able to reduce your interest rate or monthly payment required"

19. The aforementioned right to charge West interest, late charges, and/or other charges in addition to any "Balance" is not waived by Comenity Capital Bank or any assignee or successor-in-interest as a result of a failure at any point in time to charge West interest, late charges, and/or other charges in addition to any "Balance".

20. Exhibit A failed to notify West that his "Balance" may increase due to interest, late charges, and/or other charges.

21. Although Exhibit A sets forth a settlement offer, Exhibit A failed to state that Enhanced Recovery will accept payment of the amount of the settlement offer in full satisfaction of the debt if payment is made by a specified date.

22. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify West that if he did not pay the amount of the settlement offer then the "Balance" may increase due to interest, late charges, and/or other charges.

23. For the above reasons, as a result of the aforementioned omissions from Exhibit A set forth in this paragraph, Enhanced Recovery violated 15 USC § 1692e as a result of sending Exhibit A to West.

## SECOND CAUSE OF ACTION--CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

25. Exhibit A sets forth a "Balance" of $6,081.57.

26. Exhibit A does not set forth that the "Balance" of $6,081.57 may increase due to interest, late charges, and/or other charges.

27. Since Exhibit A does not set forth that the "Balance" of $6,081.57 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Balance" of $6,081.57 was static and that their payment of $995.24 would satisfy the debt irrespective of when the payment was remitted.

28. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

29. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

30. West owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

31. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

32. As regards the past due debt set forth in Exhibit A, Comenity Capital Bank had a guaranteed right to interest on the "Balance" of $6,081.57 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

33. Based on the above, the "Balance" of $6,081.57 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Balance" of $6,081.57 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

34. Based on the above, Comenity Capital Bank could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Balance" of $6,081.57 set forth in Exhibit A was paid.

35. In the alternative, Comenity Capital Bank could have sold West's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Balance" of $6,081.57 set forth in Exhibit A was paid.

36. Based on the above, since Exhibit A does not set forth that the "Balance" of $6,081.57 may increase due to interest, Enhanced Recovery violated 15 USC § 1692e by sending Exhibit A to West.

### THIRD CAUSE OF ACTION-CLASS CLAIM

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

38. Upon information and belief, the "Balance" of $6,081.57 exceeded the amount of the debt "charged-off" by Comenity Capital Bank or the amount of the debt due Comenity Capital Bank at the time Comenity Capital Bank waived or otherwise lost its legal right to charge West interest, late charges, and/or other charges. For this and other reasons, Exhibit A amounted to a false, deceptive or misleading means by Enhanced Recovery in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), and 15 USC 1692e(10), and/or amounted to an unfair or unconscionable means by Enhanced Recovery to collect or attempt to collect a debt in violation of 15 USC 1692f,

and/or 15 USC 1692f (1).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

39. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

40. Exhibit A set forth the name of the "debt collector" sending Exhibit A as "ERC".

41. "ERC" is a name used by Enhanced Recovery to collect debts from New York consumers.

42. On both the date of Exhibit A and on the date of West's receipt of Exhibit A, "ERC" was not registered in Delaware, Enhanced Recovery's place of incorporation, as a trade name of Enhanced Recovery.

43. Exhibit A was an attempt by Enhanced Recovery to collect a debt in New York from a New York resident; but on both the date of Exhibit A and on the date of West's receipt of Exhibit A, "ERC" was not registered in New York as a trade name of Enhanced Recovery.

44. Enhanced Recovery possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency"; but on both the date of Exhibit A and on the date of West's receipt of Exhibit A, "ERC" was not listed on the aforementioned license as a trade name of Enhanced Recovery.

45. Based on the above allegations, Exhibit A was an attempt by ERC to collect a debt in a name other than the "true name" of Enhanced Recovery in violation of 15 USC 1692e (14); and based on the above allegations and for other reasons, Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

47. Exhibit A did not set forth what West would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Balance" of $6,081.57 to increase.

48. Exhibit A did not explain whether interest, or new fees or costs are accruing.

49. For the above reasons, Exhibit A did not set forth the amount of the "debt".

50. For this and other reasons, as a result of sending Exhibit A to West, Enhanced recovery violated 15 USC 1692g.

## SIXTH CAUSE OF ACTION-CLASS CLAIM

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

52. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SEVENTH CAUSE OF ACTION-CLASS CLAIM

53. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

54. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

55. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

56. The classes consist of:

   I. (a) all natural persons (b) who received a letter from Enhanced Recovery dated between November 9, 2015 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

   II. (a) all natural persons (b) who received a letter from Enhanced Recovery dated between November 9, 2015 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

   III. (a) all natural persons (b) who received a letter from Enhanced Recovery dated between November 9, 2015 and the present to collect a past due debt due to Comenity Capital Bank, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

   IV. (a) all natural persons (b) who received a letter from Enhanced Recovery dated between November 9, 2015 and the present to collect a past due debt due to Comenity Capital Bank, (c) in a form materially identical or substantially similar to Exhibit A; and/or

  V. (a) all natural persons (b) residing in New York State (c) who between November 9, 2015 and the present have received a letter regarding the collection of a consumer debt which set forth the name of the debt collector/entity sending the letter as "ERC".

57. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

58. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

59. The predominant common question is whether Defendant's letters violate the FDCPA.

60. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

61. A class action is the superior means of adjudicating this dispute.

62. Individual cases are not economically feasible.

  **WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Enhanced Recovery in favor of Plaintiff and the class members for statutory damages, actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:  May 3, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709